PRATT & WHITNEY COMPANY, The Warner & Swasey Company, Niles-Bement-Pond Company, Defendants-Appellants, v. The LEES–BRADNER COMPANY, Plaintiff-Appellee.

The LEES–BRADNER COMPANY, Plaintiff-Cross-Appellant, v. PRATT & WHITNEY COMPANY, The Warner & Swasey Company, Niles-Bement-Pond Company, Defendants-Cross-Appellees.

Nos. 8097, 8098.

Circuit Court of Appeals, Sixth Circuit.

Oct. 9, 1939.

Kwis, Hudson & Kent, of Cleveland, Ohio, for Pratt & Whitney Co. and others.

Hawgood & Van Horn, of Cleveland, Ohio, for Lees-Bradner Co.

Before HICKS and SIMONS, Circuit Judges.

PER CURIAM.

The parties hereto, having consented to the entry of a consent decree against the defendants herein, it is hereby ordered, adjudged and decreed, as follows:

1. That Letters Patent of the United States granted to William C. Farnum on Gear Cutting Machines No. 1,373,957, being one of the Letters Patent in suit, are good and valid in law.

2. That Letters Patent of the United States granted to the Lees-Bradner Company as assignee of Charles H. Schurr for Gear Grinding Machines No. 1,720,404, being another of the Letters Patent in suit, are good and valid in law.

3. That the plaintiff the Lees-Bradner Company is the sole and exclusive owner of the entire right, title and interest in and to each of said Letters Patent Numbers 1,373,957 and 1,720,404.

4. That the defendants, Pratt & Whitney Company, Niles-Bement-Pond Company, and the Warner & Swasey Company, and each of them, has violated the exclusive rights of the plaintiff thereunder by making, using and/or selling Gear Grinding Machines embodying and containing the inventions of Letters Patent to Farnum No. 1,373,957, as set forth in claims 3, 4, 7, 22, and 23 thereof, and embodying and containing the inventions of said Letters Patent to Schurr No. 1,720,404, as set forth in claims 1, 2, 5, 8, 9, 12, 13, 15, 16, 17, and 23 thereof, the said devices made and sold by the Defendants Pratt & Whitney Company and/or Niles-Bement-Pond Company being more particularly shown and exhibited by Plaintiff's Exhibits 4 and 5 and the said devices used by the defendant the Warner & Swasey Company being more particularly shown and exhibited by Plaintiff's Exhibit 4.

5. That no accounting for damages or profits will be ordered in this cause.

6. That each party will bear costs already paid by it, and that any costs remaining to be paid will be divided equally between the parties.

7. That the decree of The United States District Court for the Northern District of Ohio, Eastern Division, be modified to conform herewith, and that such decree be made final.